UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENAIL SHANE GREEN,<br><br>    Petitioner,<br><br>v.<br><br>CHARLES M. HARRISON, Warden,<br><br>    Respondent. | Civil No. 05-1485-L(LSP)<br><br>ORDER GRANTING PETITIONER'S REQUEST FOR EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS (4-1),<br>ORDER FOR FURTHER BRIEFING REGARDING PETITIONER'S REQUEST FOR STAY AND ABEYANCE (3-1) |

    On July 25, 2005, Petitioner, proceeding *pro se*,[1] filed a Request for Equitable Tolling Because of Mental Illness (hereafter "RET") and a Request for Stay and Abeyance of his Petition.

Request for Equitable Tolling

    In Petitioner's RET, Petitioner states that he did not file his Petition within AEDPA's one-year statute of limitations because extraordinary circumstances beyond his control made it impossible for him to file a timely petition. Specifically, Petitioner claims that he suffers from serious mental illnesses and is unfamiliar with the legal system, such that another inmate prepared and filed his

---

[1] On June 5, 2006, Jami L. Ferrara was appointed to represent Petitioner in all further proceedings in this Court.

1 | Petition for Writ of Habeas Corpus.  (RET at 2-3)

2 |     Direct review of Petitioner's conviction concluded on May 29, 2001, ninety days after the period in which to file a Petition for Writ of *certiori* with the United States Supreme Court expired.  See 28 U.S.C. §2244(d)(1)(A); Bowen v. Roe 188 F.3d 1157, 1159 (9th Cir. 1999)

    On July 15, 2005, Petitioner filed a Petition for Writ of Habeas Corpus with the San Diego Superior Court. (Respondent's Lodgment No. 4) On September 7, 2005, the Superior Court denied the Petition. (Respondent's Lodgment No. 5)[2]

    As previously noted in this Court's Order of June 7, 2006, the statute of limitations is <u>not</u> <u>tolled</u> from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case "pending" during that interval.  Nino v. Galaza 183 F.3d 1003 (9th Cir. 1999) cert. denied 529 U.S. 1104 (2000)

    Therefore, between May 30, 2001 (the day after direct review of Petitioner's conviction ended) and July 15, 2005 (the date Petitioner filed a Petition for Writ of Habeas Corpus with the San Diego Superior Court), the statute of limitations was not tolled because there was no case pending during that time period.

    In order for Petitioner to show that he is entitled to equitable tolling of the statute of limitations due to his mental illnesses, Petitioner must present to the Court evidence of his mental illnesses during the time period that the statute of

---

[2]     The Court has not been informed whether Petitioner has pursued his Petition for Writ of Habeas Corpus with the California Court of Appeal and California Supreme Court.

limitations was not tolled (May 30, 2001 to July 15, 2005).[3]

After an attorney was appointed to represent Petitioner, the Court allowed Petitioner's counsel to file Supplemental Briefing regarding Petitioner's entitlement to equitable tolling of the statute of limitations on his Petition. The Court also allowed Respondent to reply to Petitioner's Supplemental Briefing. On November 21, 2006 and December 28, 2006 respectively, Petitioner and Respondent filed the Supplemental Briefing and Reply to the Supplemental Briefing.

From January 25, 2007 to May 24, 2007, the Court conducted numerous status conferences with counsel regarding obtaining further review of Petitioner's medical/psychiatric records for the time period from May 30, 2001 to July 15, 2005.

On August 3, 2007, Petitioner's counsel submitted to the Court a psychologist's report that analyzed Petitioner's medical/psychiatric records during the aforementioned time period.[4]

On September 4, 2007, the Court conducted another status conference in which it allowed Petitioner and Respondent to file supplemental briefs regarding Plaintiff's entitlement to equitable tolling of the statute of limitations in light of the August 3, 2007 psychologist's report.

On November 1, and December 20, 2007, Respondent and Petitioner respectively filed Supplemental Briefs. On December 28,

---

[3] The Court notes that on June 5, 2006, the Court found, based on Petitioner's medical/psychiatric records dated in 2005, that Petitioner's mental illnesses entitled him to have a Next Friend and attorney appointed for him.

[4] The psychologist (Hy Malinek, Psy.D.) who submitted the August 3, 2007 report was the same psychologist who previously opined that Petitioner was not competent to represent himself in this action, and who issued a report detailing the reasons for that conclusion.

2007, Respondent filed a Reply to Petitioner's Supplemental Brief.

Petitioner argues that due to his mental illnesses, his Petition is entitled to equitable tolling of the statute of limitations. Respondent argues that the Petition is not entitled to equitable tolling of the statute of limitations because Petitioner has failed to present sufficient evidence to show that his mental condition from May 30, 2001 through June 2002, made it impossible for him to file a timely petition.

<u>Petitioner is Entitled to Equitable Tolling of the Statute of Limitations</u>

The United States Supreme Court has established a two-part test to determine whether a petitioner is entitled to equitable tolling of the statute of limitations. In <u>Pace v. DiGuglielmo</u> 544 U.S. 408, 418 (2005), the Court held that generally, a litigant seeking equitable tolling of the statute of limitations bears the burden of establishing (1) that he has been pursuing his rights diligently and, (2) that some extraordinary circumstance stood in his way.

Equitable tolling of the one-year statute of limitations is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the untimeliness. <u>Spitsyn v. Moore</u> 345 F.3d 796, 799 (9th Cir. 2003)

Therefore, whether the limitations period for Petitioner's Petition should be tolled depends on whether his mental illnesses between May 30, 2001 and July 15, 2005 constituted the kind of extraordinary circumstances beyond his control that made timely filing impossible.

A habeas petitioner's mental incompetency is a condition that is an extraordinary circumstance beyond his control that justifies tolling of the statute of limitations <u>Calderon v. U.S. District Court (Kelly)</u> 163 F.3d 530, 541 (9th Cir. 1988), abrogated on other grounds in <u>Woodford v. Garceau</u> 538 U.S. 202 (2003)  Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an "extraordinary circumstance beyond (his) control," and the deadline should be equitably tolled. <u>Laws v. LaMarque</u> 351 F.3d 919, 923 (9th Cir. 2003)

Dr. Malinek's August 3, 2007 Report states that he reviewed Petitioner's medical/psychiatic records and examined Petitioner's mental state from May 30, 2001 to July 15, 2005.  His report states the following:[5]

<u>2001</u>

Since January 2001, Petitioner was classified in state prison as a "medical necessity" for psychiatric/psychological services. Throughout 2001, Petitioner was prescribed various anti-depressant and anti-psychotic medications including Risperdal, Zyprexa[6], Trazadone[7] and Remeron[8].

In September 2001, Petitioner complained of suicidal ideation

---

[5] The Court has reviewed the same medical/psychiatric records and finds Dr. Malinek's description and analysis of them to be accurate.

[6] Risperdal and Zyprexa are used to treat symptoms of schizophrenia that may include auditory and visual hallucinations, sensing things that are not there, mistaken beliefs and unusual suspiciousness. (Petitioner's Supplemental Brief in Support of his Request for Equitable Tolling, November 26, 2006, Appendix C)

[7] Trazadone is a medication used to treat depression and suicidal ideation. (Petitioner's Supplemental Brief in Support of his Request for Equitable Tolling, November 26, 2006, Appendix C)

[8] Remeron is a medication used to treat depression. (Petitioner's Supplemental Brief in Support of his Request for Equitable Tolling, November 26, 2006, Appendix C)

and stated that he was hearing the voice of his deceased brother telling him to kill himself. As a result of Petitioner's statements, prison psychologists and psychiatrists found that Petitioner was suffering from depression and psychosis.

2002

From January to June 2002, Petitioner was maintained on the anti-depressant and anti-psychotic medications Zyprexa and Remeron.

In June 2002, Petitioner asked to discontinue his medications despite continuing to hear voices, because he said he had difficulties tolerating the medications' side effects.

2003

In 2003, Petitioner did not take Zyprexa or Remeron, but continued to suffer from a Psychotic Disorder Not Otherwise Specified and Major Depression with Psychotic Features. By the end of 2003, Petitioner's condition deteriorated when he began to experience a recurrence of auditory hallucinations. Plaintiff again complained that he heard the voice of his deceased brother and the voice of an aunt, who had recently passed away. In 2003, Petitioner's medications were changed to Paxil[9] and Geodon[10].

2004

In early 2004, Petitioner was prescribed the anti-depressant and anti-psychotic medications Geodon and Remeron. In April 2004, Plaintiff was prescribed Zoloft[11], in addition to Geodon and Remeron.

---

[9] Paxil is a medication used to treat depression and anxiety disorders. (Petitioner's Supplemental Brief in Support of his Request for Equitable Tolling, November 26, 2006, Appendix C)

[10] Geodon is a medication used to treat schizophrenia. (Petitioner's Supplemental Brief in Support of his Request for Equitable Tolling, November 26, 2006, Appendix C)

[11] Zoloft is a medication used to treat depression and anxiety disorders. (Petitioner's Supplemental Brief in Support of his Request for Equitable Tolling, November 26, 2006, Appendix C)

Petitioner continued to take the prescribed medications, but his mental health continued to deteriorate.  In September 2004, Petitioner attempted suicide by attempting to hang himself.

In November 2004, Petitioner's mental health classification was changed to "Enhanced Out Patient" after he again began to hear voices that told him to kill himself.  Petitioner was found to be paranoid, having suicidal ideations and auditory hallucinations.

In December 2004, Petitioner was placed in Administrative Segregation after he verbalized his belief that he was threatened by other inmates who may not have existed.

2005

In 2005, Petitioner's mental health continued to deteriorate. In March 2005, Petitioner was found to be paranoid and suffering from auditory hallucinations. In June 2005, Petitioner again attempted suicide by overdosing on pills he had purchased from another inmate.  After the suicide attempt, his medication was changed to include Thorazine[12] and Geodon.

In June and July 2005, Petitioner was diagnosed as suffering from schizophrenia.

Dr. Malinek's and this Court's review of Petitioner's medical/psychiatric records from 2001 to 2005 indicate that Petitioner's mental illnesses are extraordinary circumstances beyond his control, that made it impossible for him to file a timely petition.

Respondent's arguments to the contrary are unavailing. Respondent posits that Petitioner failed to present sufficient

---

[12]   Thorazine is a medication used to treat schizophrenia, hallucinations and delusions. (Petitioner's Supplemental Brief in Support of his Request for Equitable Tolling, November 26, 2006, Appendix C)

evidence to show that between May 31, 2001 through June 2002, his mental condition precluded his filing of a timely petition. However, the medical/psychiatric records presented to and reviewed by the Court, and Dr. Malinek's interpretation of them, belie Respondent's contention.[13]

From January 2001 through June 2002, Petitioner was prescribed and took numerous medications used to treat his schizophrenia, suicidal ideation, and depression. During that time, Petitioner complained of hearing the voice of his deceased brother telling him to kill himself. In June 2002, Petitioner discontinued taking the numerous medications prescribed for him due to his intolerance to the side-effects of those medications.

From June 2002 to July 2005, Petitioner's medical/psychiatric records show a marked deterioration in his mental health. Even though Petitioner was prescribed medications other than the medications discontinued in June 2002, he continued to hear voices telling him to kill himself, and continued to take medications to treat his schizophrenia and depression. On two separate occasions, Petitioner tried to commit suicide.

Dr. Malinek concluded "... the entirety of the database (Petitioner's medical psychiatric records and his own examination of Petitioner) certainly raises doubts about (Petitioner's) capacity to have timely filed a Petition for Writ of Habeas Corpus in recent years... (T)he symptoms (Petitioner) has suffered from are serious and debilitating. In all likelihood, they have often left him with limited amounts of energy and even more limited ability to think

---

[13] The Court notes that Respondent did not submit any evidence to rebut Dr. Malinek's interpretation of Petitioner's medical/psychiatric records nor his conclusion about them.

(about) things clearly and consistently. I doubt that he fully understood the importance of deadlines, the requirements of the courts... the manner in which an inmate could file Writs. He is an individual with limited emotional and intellectual resources and with an atypical learning disability in addition to a major mental illness."

The Court agrees with Dr. Malinek's conclusions about Petitioner's mental condition and his ability to understand the rules and procedures attendant upon filing a timely Petition for Writ of Habeas Corpus. Therefore, Petitioner has established that his Petition is entitled to equitable tolling of the statute of limitations. As a result, Petitioner's Request for Equitable Tolling of the Statute of Limitations is GRANTED.

Request for Stay and Abeyance

On July 25, 2005, Petitioner filed a Request for Stay and Abeyance, along with his Petition. In the Request for Stay & Abeyance, Petitioner concedes that claims nos. 1, 2, 3, 4 and 5 in his Petition are unexhausted, but that those claims are currently being reviewed by the state courts.

At this time, the Court is unaware of the status of Petitioner's efforts to exhaust claim nos. 1, 2, 3 , 4, and 5 of his Petition.

Therefore, on or before February 25, 2008, Petitioner's counsel shall inform the court of the status of Petitioner's efforts to exhaust his unexhausted claims.

If Petitioner's claims have been exhausted in the state courts, Petitioner's or Respondent's counsel shall lodge with the

Court all briefs filed in the state courts and all decisions of the state courts regarding those claims.

IT IS SO ORDERED.

DATED:   January 23, 2008

_____
Hon. Leo S. Papas
U.S. Magistrate Judge